IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HERBERT WAYNE SMITH and
KIMBERLY SMITH                                                                       PLAINTIFFS

v.                                           Civil No. 1:19-cv-1031

TRW AUTOMOTIVE US, LLC; TRW
VEHICLE SAFETY SYSTEMS, INC.;
CHRYSLER MOTORS, LLC; and
FCA US LLC                                                                            DEFENDANTS

## ORDER

Before the Court is Separate Defendant FCA US LLC's ("FCA US") Motion to Dismiss or, in the Alternative, to Transfer or Stay Proceedings. ECF No. 15. Plaintiffs have filed a response. ECF No. 26. FCA US has filed a reply. ECF No. 36. The matter is fully briefed and ripe for the Court's consideration.

This products liability lawsuit arises out of an incident involving a 2008 Dodge Caravan driven by Plaintiff Herbert Smith. Mr. Smith alleges that he was driving the vehicle on Interstate 20 in Louisiana when the airbag system inadvertently deployed. He claims that he was injured as a result of the incident.

On July 13, 2018, Plaintiffs filed a lawsuit in Louisiana state court seeking recovery for personal injuries Mr. Smith allegedly sustained in the airbag deployment incident. The complaint alleges numerous causes of action for strict liability, negligence, and intentional infliction of emotional distress. Plaintiffs named TRW Automotive US LLC, TRW Vehicle Safety Systems, Chrysler LLC, and FCA US LLC as defendants in that suit.

Later the same day, Plaintiffs filed a nearly identical lawsuit in this Court against the same defendants but added claims for fraud and punitive damages. On August 1, 2018, the Louisiana state court defendants removed the case to federal court in the Western District of Louisiana.

Plaintiffs voluntarily dismissed the Arkansas lawsuit because they failed to serve the defendants in time. On July 12, 2019, Plaintiffs filed the instant case. Presently, there are two separate and parallel proceedings, the Louisiana action and the instant action, involving substantially the same claims and the same parties.[1]

In the present motion, FCA US moves the Court to dismiss the instant lawsuit pursuant to the "first-filed rule." Alternatively, FCA US moves the Court to transfer the instant lawsuit to the Western District of Louisiana or stay the instant lawsuit. In order to conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The first-filed rule yields to the interests of justice and is not applied when a court, in its discretion finds "compelling circumstances" supporting the rule's abrogation. *Id.*

FCA US argues that the present case should be dismissed because a similar lawsuit—the Louisiana action—is still pending and thus FCA US is currently defending parallel lawsuits in different forums. Plaintiffs argue in response that compelling circumstances exist such that the Court should not apply the first-filed rule. Plaintiffs maintain that TRW Automotive US, LLC and TRW Vehicle Safety Systems could escape liability should this Court dismiss the instant action pursuant to the first-filed rule and then the Louisiana Court decides that it does not have jurisdiction over the TRW entities.[2] According to Plaintiffs, the possibility of TRW escaping liability is a compelling circumstance that should lead the Court to ignore the first-filed rule. However, the

---

[1] Plaintiffs do not deny that the first-filed Louisiana action and the instant action involve substantially the same parties and issues.
[2] TRW Automotive US, LLC and TRW Vehicle Safety Systems have filed motions to dismiss in the Louisiana action and the instant action, arguing that personal jurisdiction is lacking.

Court finds the proffered circumstance insufficiently compelling.

Plaintiffs chose to file the Louisiana action first. By applying the first-filed rule in the instant case, the Court is honoring Plaintiffs' choice, promoting the efficient use of judicial resources, and avoiding duplicative litigation. There is no reason for the Louisiana action and the instant action to continue on parallel tracks in two different federal district courts. Further, the first-filed rule gives the federal district court in Louisiana the right to decide whether the case should be heard in Louisiana. The Court, however, is mindful that the TRW entities have filed a motion requesting that the federal district court in Louisiana dismiss the Louisiana case for want of jurisdiction. Thus, the Court believes that the the prudent course of action is not dismiss the instant action but to stay it pending further resolution of jurisdictional issues in the Western District of Louisiana.

Accordingly, the Court finds that Separate Defendant FCA US LLC's Motion to Dismiss or, in the Alternative, to Transfer or Stay Proceedings (ECF No. 15) should be and hereby is **GRANTED**. The Court hereby stays this action pending further resolution of jurisdictional issues in the Western District of Louisiana. The Court directs the Clerk of Court to administratively close this action pending further communication from the parties. If any party seeks to lift the stay and commence this litigation again at a later date, that party should file a motion to do so in this Court referencing this case number.

**IT IS SO ORDERED**, this 13th day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge